IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE BURRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1079-L |
| | § | |
| TWIN GOOSE, LLC and JIAMUL | § | |
| CORPORATION d/b/a MAMA'S | § | |
| DAUGHTERS' DINER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lee Burrell has filed a motion for default judgment and to dismiss remaining claims against Defendants Twin Goose, LLC and Jiamul Corporation d/b/a Mama's Daughters' Diner. *See* Dkt. No. 11. United States District Judge Sam A. Lindsay has referred the motion to the undersigned United States magistrate judge for recommendation. *See* Dkt. No. 12. Defendants have not filed answers or otherwise responded within the deadlines for their doing so.

For the reasons explained below, Plaintiff's motion for default judgment and to dismiss remaining claims should be denied.

**Background**

Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"). He uses a wheelchair for mobility. *See* Dkt. No. 2 at 2; 42 U.S.C. § 12102(2)(A).

Twin Goose, LLC owns real property located at 2610 Royal Lane, Dallas County, Texas. Twin Goose, LLC leases the property to Jiamul Corporation, which operates Mama's Daughters' Diner at that location.

Plaintiff sued Defendants for violations of the ADA and Texas Human Resources Code ("THRC"). Plaintiff alleges that the Court has federal question jurisdiction over this action, pursuant to 28 U.S.C. § 1331, for the claims brought under the ADA, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, for the state-law claim.

Plaintiff specifically contends that architectural barriers exist in and around the restaurant that fail to accommodate handicapped persons as required by both federal and state law. According to Plaintiff, parking at the restaurant, the route from the parking lot to the restaurant, and seating inside the restaurant are not accessible to handicapped persons, and there is no handicap-accessible route to the sidewalk next to the business.

Plaintiff alleges that, as a result of these architectural barriers, the business discriminates against him with regards to goods, services, facilities, privileges, advantages, and accommodations. Plaintiff further alleges that Defendants violated the ADA by failing to remove architectural barriers from existing facilities and public accommodations where removal is readily available and by making improper alterations. Plaintiff also asserts a discrimination claim under the THRC. *See* Dkt. No. 2.

Twin Goose, LLC and Jiamul Corporation were served; they have not answered or otherwise responded to this suit; and their deadline to do so has expired under the

Federal Rules of Civil Procedure. *See* Dkt. Nos. 6 & 7. The Clerk of the Court has entered defaults against Defendants. *See* Dkt. No. 9.

Plaintiff moves for default judgment against both Defendants on his ADA claim based on failure to accommodate when removal of architectural barriers was readily achievable. In addition to a finding that Defendants are discriminating against him, Plaintiff requests injunctive relief in the form of an order requiring Defendants to bring the property into compliance with the ADA Accessibility Guidelines within six months by providing (1) accessible parking in the required amount and an accessible route from that parking through the front door of the restaurant, (2) accessible seating in the restaurant in the required amount and type, (3) access to an accessible restroom for disabled patrons, and (4) an accessible route from the sidewalk to the front door of the restaurant. *See* Dkt. No. 11; 28 C.F.R. Pt. 36, App. A.

To accommodate entry of default judgment, Plaintiff also moves to dismiss without prejudice his ADA claim for improper alterations or failure to make modifications when required under the law and his state-law claim under the THRC. *See id.*

**Legal Standard**s

The Court may enter a default judgment when a defendant fails to answer or otherwise respond to a complaint within the time required by the Federal Rules and after the Clerk makes an entry of default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations.'" *Wooten v. McDonald Transit*

*Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

To obtain a default judgment, Plaintiff must make a *prima facie* showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

There must also be a sufficient basis in the pleadings for the judgment requested. *See Wooten*, 788 F.3d at 498. Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

## Analysis

Twin Goose, LLC and Jiamul Corporation failed to answer or otherwise respond to Plaintiff's Complaint, and the Clerk entered a default against them. Plaintiff's request for a default judgment is contingent on whether he made a *prima facie* showing of jurisdiction and pleaded his ADA claim against the defaulting Defendants in a manner that satisfies Rule 8.

Plaintiff has sufficiently shown that the Court has jurisdiction over this matter. Plaintiff sued Defendants for violations of federal law under the ADA; accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 2.

The ADA prohibits discrimination by private entities who operate public accommodations: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 28 U.S.C. § 12182(a). "Facility" is defined as "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 36.104.

To assert a viable claim for an ADA accommodation case, a plaintiff must satisfy three elements: (1) he has a disability; (2) the place that the defendant owns, leases or operates is a place of public accommodation; and (3) he was denied full and equal enjoyment because of his disability. *See Deutsh v. Wehbe*, No. 1-15-cv-702 RP, 2015 WL 6830920, at *1 (W.D. Tex. Nov. 6, 2015) (citing 42 U.S.C. § 12182(a)).

Plaintiff alleges that he has a disability. Plaintiff also alleges that Twin Goose, LLC is an owner and lessor and that Jiamul Corporation is a lessee who operates Mama's Daughters' Diner, which is place of public accommodation.

Discrimination under the ADA includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 28 U.S.C.

§ 12182 (b)(2)(A)(iv). Plaintiff alleges discrimination based on architectural barriers in and around the facility, including but not limited to non-compliant accessible parking, no accessible route from the marked accessible parking through the front door, and no accessible route to the public sidewalk in front of the business. Because of these architectural barriers, Plaintiff alleges that he was denied full and equal enjoyment because of his disability.

Plaintiff has sufficiently pleaded his ADA claim for discrimination by failure to accommodate when removal of architectural barriers was readily achievable.

Generally, a court may issue a permanent injunction as part of a default judgment. *See DISH Network L.L.C. v. Barrett*, Civ. A. No. 1:16cv2992-HSO-JCG, 2016 WL 7240144, at *3 (S.D. Miss. Dec. 14, 2016). A grant of injunctive relief requires the requesting party to establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm; and (4) the injunction will not disserve the public interest. *See Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 429, 442 (5th Cir. 2000); *Deutsh*, 2015 WL 6830920, at *2 (addressing injunctive relief for default judgment in ADA accommodation case).

In moving for default judgment and in his Complaint, Plaintiff fails to explain how the requirements for injunctive relief are met in this case.

Accordingly, Plaintiff's motion fails to show that he is entitled to default judgment.

## Recommendation

Plaintiff's Motion for Default Judgment and to Dismiss Remaining Claims [Dkt. No. 11] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE