IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEE BURRELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1079-L** |
| | § | |
| **TWIN GOOSE, LLC and JIAMUL** | § | |
| **CORPORATION d/b/a MAMA'S** | § | |
| **DAUGHTERS' DINER,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 19, 2017, United States Magistrate David L. Horan's entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny without prejudice Plaintiff's Motion for Default Judgment and to Dismiss Remaining Claims (Doc. 11), filed August 30, 2016. Plaintiff filed objections to the Report.

Plaintiff moved for default judgment with respect to his claim for alleged violations of 42 U.S.C. § 12182(a) of the Americans with Disabilities Act ("ADA") for Defendants' alleged failure to accommodate where removal of architectural barriers is readily achievable. In his motion for default judgment, Plaintiff requests in his motion and objections to the Report that the following remaining claims be dismissed without prejudice: (1) discrimination under section 121.003(a) of the Texas Human Resources Code for failure to make public accommodations; and (2) violation of the ADA for improper alterations.

For relief, Plaintiff requests in his Complaint, with respect to the claim for which he seeks entry of a default judgment, that the court order Defendants to bring their business into compliance

with state and federal law and cease discriminating against Plaintiff now and in the future. He requests that the court "enjoin the Defendants from maintaining [sic] and . . . require that the Defendants remove the architectural barriers that interfere with [his] right to the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations of the Defendants at this Business." Pl.'s Compl. 1. "Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation." *Id*. Plaintiff alleges that "the parking" at Mama's Daughter's Diner "is not accessible"; "the route in from the parking is not accessible," "the seating inside the [restaurant] is not accessible"; and "there is no accessible route to the sidewalk next to the [restaurant]." *Id.* at 5. Plaintiff does not elaborate on why he believes the parking, the route from the parking area to the entrance of the restaurant, or the seating inside the restaurant are not accessible.

In his motion for default judgment, Plaintiff requests injunctive relief in the form of an order requiring Defendants to:

> remove the architectural barriers and make the modifications necessary to bring the Property that is the subject of this suit into compliance with the standards set forth in the ADAAG within six (6) months from the date of this order in the following ways:
>
>> 1. Provide accessible parking in the required amount and an accessible route from that parking through the front door of the Restaurant.
>>
>> 2. Provide accessible seating in the Restaurant in the required amount and type.
>>
>> 3. Provide access to an accessible restroom for the disabled patrons.
>>
>> 4. Provide an accessible route from the sidewalk to the front door of the Restaurant.

Pl.'s Mot. 5-6.

The magistrate judge recommended that Plaintiff's motion for default judgment and request for injunctive relief be denied without prejudice because Plaintiff has not established the requirements for a permanent injunction under federal law.

In his objections to the Report, Plaintiff contends that he is not required to prove the four requirements for injunctive relief under federal law. Plaintiff contends that he need only prove Defendants violated the ADA by failing to modify the property in question, which is deemed discriminatory as a result of the violations alleged.

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). The ADA provides a private right of action for injunctive relief for "any person who is being subjected to discrimination on the basis of disability in violation of" section 12182(b)(2)(A)(iv) of the ADA. *Id.* § 12182(a)(1)-(2). Under Title III of the ADA, "discrimination" specifically includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). The following factors are considered in determining whether removal of architectural barriers is readily achievable: (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity with respect to the number of its employees; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure,

and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id.* § 12181(9)(A)-(D).

Title III of the ADA is silent as to which party bears the burden of proving that removal of an architectural barrier is, or is not, readily achievable. The Fifth Circuit previously addressed the burden of proof in a case involving a reasonable modification claim under § 12182(b)(2)(A)(ii) and held that a plaintiff bears the initial burden of proving that a modification was requested and that the requested modification was reasonable. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997). Applying the reasoning in *Johnson* to Plaintiff's claims for alleged violations of § 12182(b)(2)(A)(iv), the court concludes that Plaintiff in this case has the initial burden of establishing that he requested the modifications at issue, and the requested modifications are readily achievable.

Even if the court accepts as true the allegations in Plaintiff's Complaint, the allegations regarding the architectural barriers, requested modifications, the reasonableness of the requested modifications, and whether the requested modifications are readily achievable are entirely conclusory and lacking in factual detail and, therefore, insufficient to support entry of a default judgment against Defendants on his claim for violation of § 12182(b)(2)(A)(iv). Moreover, Plaintiff's Complaint does not address all of the specific accommodations that are requested in his motion for default judgment.

The court was unable to find any Fifth Circuit case that supports Plaintiff's contention that he need only prove Defendants violated the ADA by failing to modify the property in question to be entitled to a permanent injunction. Ordinarily, injunctive relief is not awarded automatically in all cases, even when a violation of the law or statute is established. *Winter v. NRDC, Inc.*, 555 U.S. 7, 32 (2008) ("An injunction is a matter of equitable discretion; it does not follow from success on the

merits as a matter of course."); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 320 (1982) (explaining that the "exercise of equitable discretion . . . must include the ability to deny as well as grant injunctive relief," and the specific authority to ensure compliance with a state statute does not require a federal judge exercising equitable power to mechanically grant an injunction for every violation of the law); *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) ("Simply because prospective injunctive relief is available . . . does not mean that such equitable relief is appropriate.").

Here, even assuming, as Plaintiff contends, that he need only establish a violation of the ADA, the court concludes that he has failed to establish a violation because, as explained, his pleadings are inadequate in this regard, and no evidence was submitted in support of his motion for default judgment. On the other hand, the court sees no reasons to deny Plaintiff's request to dismiss without prejudice his other claims. Thus, having reviewed the motion, pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court **as modified** by this order.

Accordingly, the court and **overrules** Plaintiff's objections; **denies without prejudice** Plaintiff's Motion for Default Judgment (Doc. 11) with respect to his ADA claim for alleged violations of § 12182(b)(2)(A)(iv); **grants** his Motion to Dismiss Remaining Claims (Doc. 11); and **dismisses without prejudice** the following claims: (1) discrimination under section 121.003(a) of the Texas Human Resources Code for failure to make public accommodations; and (2) violation of the ADA for improper alterations. Any amended motion for default judgment must be filed by **October 23, 2017**, and cure the deficiencies noted in this order. The motion must also include legal

authority, preferably from the Fifth Circuit or United State Supreme Court, that supports Plaintiff's contention that proof alone of a violation of § 12182(b)(2)(A)(iv) of the ADA mandates entry of a permanent injunction against Defendants. *Failure to comply with this order will result in dismissal without prejudice of this action under Federal Rule of Civil Procedure 41(b)(2) for failure to comply with a court order or failure to prosecute.*

    **It is so ordered** this 25th day of September, 2017.

                                              Sam A. Lindsay
                                              United States District Judge